UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK MALACHOWSKI,

Plaintiff,

v.

ROMONA A. DOHENY,

Defendant.

Case No. 21-cv-05751-VKD

**ORDER DENYING EX PARTE APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION OF SUMMONS**

Re: Dkt. No. 12

Before the Court is plaintiff Mark Malachowski's ex parte application for an order that service of summons in this action be made upon defendant Romona Doheny by publication of the summons. Dkt. No. 12. In support of his application, Mr. Malachowski cites Federal Rule of Civil Procedure 4(e)(1), which permits service by following the state law of the jurisdiction in which the district court sits or where service is made. Dkt. No. 12 at 1. As service has not been made in any state, the Court interprets Mr. Malachowski's request in accordance with the state law of California. The relevant California statute is California Code of Civil Procedure § 415.50, which provides, in relevant part:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
>
> (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

Case 5:21-cv-05751-VKD   Document 15   Filed 11/30/21   Page 2 of 3

The Court denies the application for two reasons. First, Mr. Malachowski's supporting declaration does not demonstrate that he has exercised reasonable diligence in attempting to locate Ms. Doheny. In California, reasonable diligence requires: "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and *by investigation of appropriate city and telephone directories*, the voters' register, *and the real and personal property index in the assessor's office, near the defendant's last known location*, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996) (emphasis added).[1] Mr. Malachowski provides no information demonstrating the required investigation. This is particularly problematic given that Mr. Malachowski apparently has information suggesting that Ms. Doheny currently resides in Connecticut. *See* Dkt. No. 12-1 ¶¶ 7–12; Dkt. No. 12-1, Ex. C. The record before the Court does not reflect any attempt by Mr. Malachowski, honest or otherwise, to learn Ms. Doheny's address in Connecticut or to serve her in that state. *See* Dkt. No. 12-1 ¶¶ 7–12; Dkt. No. 12-1, Ex. D.

Second, "[s]ection 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested." *Rose v. Seamless Fin. Corp. Inc.*, No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013) (citing *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (Ct. App. 1977)). "[T]he verification of the complaint by plaintiffs' counsel on his information and belief is no substitute for the sworn statement of facts which section 415.50 requires of the affiant." *Harris*, 68 Cal. App. 3d at 726. "[A]n affidavit in support of a request for service by publication 'must state facts based on knowledge and not on mere hearsay.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 304 (S.D. Cal. 2020) (quoting 4 Witkin, Cal. Procedure (5th ed. 2019) Actions § 1037). While Mr. Malachowski is

---

[1] The current version of Cal. C.C.P. § 415.50 provides that a court "may not require that a search be conducted of public databases where access by a registered process server to residential addresses is prohibited by law or by published policy of the agency providing the database, including, but not limited to, voter registration rolls and records of the Department of Motor Vehicles."

2

1  acting as his own counsel in this action, he did not explicitly state that the allegations in his
2  complaint were made based on his personal knowledge. *See* Dkt. No. 1. Nor did he state in his
3  supporting declaration any of the facts upon which a cause of action would lie against Ms.
4  Doheny. *See* Dkt. No. 12-1 ¶¶ 1–13.

Accordingly, the Court denies plaintiff's ex parte application for an order directing service of the summons by publication. Mr. Malachowski shall have until Wednesday, **December 29, 2021** to serve Ms. Doheny. Failure to serve Ms. Doheny by December 29, 2021 may result in dismissal of this action without prejudice. Fed. R. Civ. P. 4(m).

The Court continues the initial case management conference currently set for December 7, 2021 to Tuesday, **February 15, 2022** at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: November 30, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge