UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK MALACHOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>ROMONA A. DOHENY,<br><br>    Defendant. | Case No. 21-cv-05751-VKD<br><br>**ORDER AUTHORIZING SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 25 |

    Before the Court is plaintiff Mark Malachowski's second ex parte application for an order permitting service of summons in this action by publication upon defendant Romona Doheny, pursuant to Federal Rule of Civil Procedure 4(e)(1) and California state law. Dkt. No. 25. The Court previously denied Mr. Malachowski's application for service by publication because the supporting declaration did not demonstrate that he exercised reasonable diligence in serving the summons before requesting permission to serve by publication. Dkt. No. 15 at 2.

    California's Code of Civil Procedure ("CCP") provides for service by: (1) personal delivery, Cal. C.C.P. § 415.10; (2) leaving the summons and complaint with a person found at the office, dwelling, or house, *id.* at § 415.20; (3) service by Notice and Acknowledgement of Receipt, *id.* at § 415.30; (4) service by mail on persons outside the state, provided the return receipt is returned, *id.* at § 415.40; and (5) service by publication, *id.* at § 415.50.

    "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." *Id.* "'Reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or

1    his agent or attorney. A number of honest attempts to learn defendant's whereabouts or his address
2    by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of
3    appropriate city and telephone directories, the voters' register, and the real and personal property
4    index in the assessor's office, near the defendant's last known location, are generally sufficient
5    [and] . . . must be searched before resorting to service by publication." *Indian Hills Holdings,*
6    *LLC v. Frye*, 337 F.R.D. 293, 300–01 (S.D. Cal. 2020) (citing *Kott v. Superior Ct.*, 45 Cal. App.
7    4th 1126, 1137 (1996)).

8        Based on Mr. Malachowski's declaration, the Court is satisfied that he has exercised "reasonable diligence" in attempting to serve defendant Romona Doheny before resorting to service by publication. Mr. Malachowski hired an investigative service to produce a comprehensive report detailing "any and all property," and "asset[s]" of the defendant. *Id.* at 3. The investigative service also searched "telephone directories, voters' registers," "real and personal property indexes," and "county records database[s]." *Id.* at 3-4; *see also* Dkt. No. 21-1 at 11-119 (report). This search led Mr. Malachowski to believe that Ms. Doheny resides at an address in Milford, Connecticut.

16        Mr. Malachowski further advises the court that he has attempted to serve Ms. Doheny six times at the Milford, Connecticut address. Dkt. No. 25 at 4. He states that, in those attempts, the process server encountered suspicious, evasive behavior of the residents at that address and observed mail addressed to Ms. Doheny sitting near the patio door. *See id.* at 4-5. In short, the circumstances described by Mr. Malachowski support a conclusion that Ms. Doheny is evading service of process.

22        Mr. Malachowski has attempted personal and substituted service on Ms. Doheny without success. While he has not attempted service by mail, Cal C.C.P. § 415.40, given the reports of Mr. Malachowski's process server that method may similarly fail.

25        Accordingly, and pursuant to Rule 4(m), the Court both authorizes Mr. Malachowski to serve Ms. Doheny by publication, pursuant to Cal. C.C.P. §415.50, and orders him to also attempt service by mail, pursuant to Cal. C.C.P. § 415.40. Service by publication must be completed no later than **October 4, 2022**. Mr. Malachowski shall file a status report by **October 4, 2022**

United States District Court
Northern District of California

advising the Court regarding his compliance with this order and the status of service of Ms. Doheny.

The Court continues the case management conference set for August 23, 2022 to **November 1, 2022 at 1:30 pm.**

**IT IS SO ORDERED.**

Dated: August 10, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3