UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK MALACHOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>ROMONA A. DOHENY,<br><br>    Defendant. | Case No. 21-cv-05751-VKD<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 46 |

On January 24, 2023, before entry of default, plaintiff Mark Malachowski filed a motion for default judgment pursuant to Rule 55(b) against defendant Romona Doheny. Dkt. No. 46. The Clerk of the Court subsequently entered default against Ms. Doheny on January 30, 2023. Dkt. No. 48.

On February 28, 2023, the Court held a hearing on Mr. Malachowski's motion. Dkt. No. 51. Ms. Doheny did not appear at the hearing and has not appeared in this matter. This Court does not have complete consent of all parties to magistrate judge jurisdiction.

For the reasons stated on the record at the hearing and as summarized below, the Court denies Mr. Malachowski's motion for default judgment without prejudice. In his next attempt, Mr. Malachowski must address all of the matters necessary for a decision on the merits of his motion for default judgment, including the following:

**1. Subject Matter Jurisdiction**

Before a court can enter default judgment against a defendant it must have subject matter jurisdiction over the controversy. *See, e.g.*, *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district

court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The operative complaint asserts only state law claims and invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. No. 16 ¶ 11, 33-63.  "When a plaintiff files suit in federal court, the Ninth Circuit uses the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement."  *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (cleaned up).  Using this test, "'the amount in controversy is determined from the face of the pleadings,'" which "means a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000)).

Mr. Malachowski's motion does not address subject matter jurisdiction, and it is not clear from the operative complaint that he has satisfied the amount in controversy requirement for diversity jurisdiction.  *See Prosperity Recovery, Inc. v. IDC Techs., Inc.*, No. 20-CV-03679-LHK, 2021 WL 6052780, at *5-*6 (N.D. Cal. Dec. 21, 2021).

**2. Personal Jurisdiction**

Before a court can enter default judgment, it must address whether it has personal jurisdiction over the defendant.  *In re Tuli*, 172 F.3d at 712.

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  "The plaintiff bears the burden of satisfying the first two prongs of the test."  *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

2

1 Ms. Doheny is not a resident of the forum.  Yet Mr. Malachowski's motion for default

2 judgment does not address the Court's personal jurisdiction, and it is not clear from the operative

3 complaint that the Court has personal jurisdiction over Ms. Doheny.  *See Prosperity Recovery*,

4 2021 WL 6052780, at *7.

### 3. Claims for Relief

The operative complaint asserts five different claims for relief against Ms. Doheny, but Mr. Malachowski's motion does not explain how he is entitled to judgment on any of them, nor does he explain how the allegations in the operative complaint support judgment in his favor.  *See* Dkt. Nos. 16, 46.

### 4. Treble Damages

Mr. Malachowski prays for an award of treble damages—i.e., three times the amount he says Ms. Doheny owes for legal services rendered.  Dkt. No. 16 at 10.  However, Mr. Malachowski's motion for default judgment does not address the legal or factual bases for such an award, nor are those legal or factual bases clear from the operative complaint.

### 5. Attorneys' Fees and Prejudgment Interest

In his motion for default judgment, Mr. Malachowski asks for an award of attorneys' fees incurred in connection with the instant litigation and for an award of prejudgment interest.  Dkt. No. 46 at 5.  He does not explain why he is entitled to any such awards.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

If Mr. Malachowski wishes to file a renewed motion for default judgment, he may do so by March 31, 2023.  If he requires additional time to file the motion, he may request an extension of this deadline.

///

///

///

///

**IT IS SO ORDERED.**

Dated: March 1, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge